IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| FORREST M. LOCKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-4042-CV-C-NKL |
| | ) |
| ABB POWER T & D, | ) |
| | ) |
| Defendant. | ) |

ORDER

Pending before the Court are Defendant ABB Power T & D's ("ABB") Motions to Dismiss with Prejudice [Doc. # 8] and to Strike [Doc. # 12]. For the reasons set forth below, both Motions are denied.

On February 23, 2007, Plaintiff Forrest M. Locke ("Locke") filed suit under the Americans with Disabilities Act and the Missouri Human Rights Act against his former employer under the name ABB Power T & D. ABB moves to dismiss Locke's case with prejudice because ABB Power T & D does not exist as a legal entity and therefore cannot be sued. In opposition to the motion to dismiss, Locke has attached a copy of his 2001 W-2 which lists his employer's name as "ABB Power T & D Company Inc." He has also attached a Missouri Business Name History from the Secretary of State's website showing ABB Power T & D Company, Inc., to be a previous legal name for ABB.

1

Rather than dismissing his Complaint, Lock asks the Court to grant him leave to amend his Complaint to correctly name his employer.

There is a "well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name." *Roberts v. Michaels*, 219 F.3d 775, 777-778 (8th Cir. 2000). Although a defendant "corporation [has] the right to be accurately named in the process and pleadings of the court[,] and misnomer [i]s properly raised by motion to dismiss," the Court should grant Plaintiff leave to amend rather than dismiss his complaint where "a mere misnomer [has] injured no one, and there is no reason why it should not [be] corrected by amendment. *Id.* at 778. ABB has offered no evidence that it would suffer prejudice if Locke were permitted to amend his Complaint. It cannot be said that ABB lacked notice that the case was pending, given that its counsel waived service of process and the underlying EEOC charge of discrimination attached to the Complaint named ABB, Inc., as the Defendant instead of ABB Power T & D. The Court therefore grants Locke ten days from the date of this order to file an Amended Complaint using Defendant's proper legal name.

ABB also moves to strike "ABB, Inc.," as the Named Defendant from the caption of the Joint Proposed Scheduling Order filed by Locke [Doc. # 10], since ABB, Inc., has not yet been named as a Defendant. Because the Court denies the Motion to Dismiss and grants leave to amend his Complaint to name ABB, Inc., the Court denies the Motion to Strike as moot.

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss [Doc. # 8] is DENIED. Plaintiff shall have ten days from the date of this Order to file his Amended Complaint. It is further

ORDERED that Defendant's Motion to Strike [Doc. # 12] is DENIED as MOOT.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 9, 2007  
Jefferson City, Missouri